**FILED**
MAY 24 2016
[signature] CLERK

BEFORE THE FEDERAL DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| MIDCONTINENT COMMUNICATIONS<br><br>Plaintiff,<br><br>v.<br><br>MCI COMMUNICATIONS SERVICES, INC. d/b/a VERIZON BUSINESS,<br><br>Defendant. | Civ No. 16-4070<br><br><br>**COMPLAINT** |

COMES NOW Midcontinent Communications d/b/a Midco, by and through its undersigned counsel of record, and for its Complaint against MCI Communications Services, Inc. d/b/a Verizon Business, states and alleges:

### NATURE OF THE CASE

1. Midcontinent Communications, Inc. d/b/a Midco ("Midco") brings this action seeking recovery on an account because of the failure of MCI Communications, Inc. d/b/a Verizon Business ("Verizon") to pay Midco the amounts invoiced pursuant to contract for the provisioning of telecommunications services. Verizon originally paid the amounts invoiced to it, but, after more than 5 years, and after having promised to pay to Midco other amounts it had previously unlawfully withheld, claimed that Midco had overbilled Verizon for certain services. Verizon thereafter improperly, without legal basis, claimed that its improper and unlawful dispute gives it the right to withhold the previously withheld sums, as well as all other future amounts lawfully billed to Verizon until such time as Verizon recouped the amount of its improper dispute.

### THE PARTIES

2.  Midco is a general partnership organized and existing under the laws of the State of South Dakota, with its principal place of business in Sioux Falls, South Dakota. Among other services, namely cable television services, Midco is also a provider of various telecommunications services. Midco operates pursuant to certificates of convenience and necessity or certificates of authority granted by each of the South Dakota Public Utilities Commission, Minnesota Public Utilities Commission, and North Dakota Public Service Commission.

3.  Upon information and belief, Verizon is a corporation organized and existing under the laws of the State of Delaware and one which has been authorized to transact business in the State of South Dakota.

### FACTUAL BACKGROUND

4.  Midco is a cable company that provides telephone and other services to residential and business customers who and which choose Midco as their provider. Midco operates in several states, including South Dakota, North Dakota, and Minnesota. Among other services, Midco provides originating and terminating and access services to long distance companies, which services allow long distance companies to transmit long distance calls even though they do not own or lease the telephone lines that connect the customer to which the long-distance call is directed.

5.  Midco has filed with each of the South Dakota Public Utilities Commission, Minnesota Public Utilities Commission, and North Dakota Public Service Commission tariffs which establish Midco's rate for intrastate switched access services. Midco has also filed with the Federal Communications Commission ("FCC") a tariff which establishes its rates for interstate switched access services. Midco's tariffs represent legal and binding contracts.

2

6. Verizon is an interexchange carrier ("IXC") that provides long distance service.

7. Midco provides access services to Verizon for those customers who selected Verizon as their interexchange carrier.

8. On or about March 7, 2007, Midco and Verizon entered into an agreement for purposes of defining services to be provided and the rates and terms for the provisioning of those services (the "Switched Access Service Agreement"). Midco and Verizon engaged in extensive and well-documented negotiations before entering into the Switched Access Service Agreement, which negotiations included discussions regarding Midco's network architecture and the manner in which services would be provided. Both parties fully understood the rates and terms to be billed pursuant to the Switched Access Service Agreement. As set forth in the Switched Access Service Agreement, both parties agreed that Midco would bill to Verizon the rates set forth in its state and federal tariffs as filed with the state regulatory commissions and FCC, respectively.

9. The initial term of the Switched Access Service Agreement was three years.

10. On or about March 3, 2010, Midco and Verizon entered into Amendment Number One to the Switched Access Service Agreement ("Amendment Number One"). Amendment Number One did not materially alter the rates pursuant to which Midco would bill Verizon for the services provided. Amendment Number One extended the term of the Switched Access Service Agreement for four years, after which time the Agreement would renew on an annual basis absent timely notice of termination by either party.

11. On or about July 1, 2011, Midco and Verizon entered into a confidential settlement agreement related to a billing dispute that occurred between the parties in 2010 and 2011 (the "Settlement Agreement"). The terms of the Settlement Agreement did not materially alter the nature of the services and applicable rates to be provided to and paid for by Verizon. Both parties fully understood the services to be provided and the rates to be billed.

12. Since 2007, Midco has billed Verizon in the name of Verizon Business on a monthly basis for use of its service in accordance with the applicable rates set forth in the Switched Access Service Agreement.

13. In approximately January 2016, Verizon notified Midco for the first time that Midco had overbilled Verizon for various services provided pursuant to the Switched Access Service Agreement. It disputed the sums billed to it despite having paid for these services since 2007. Verizon claimed that it intended to "claw back" in excess of $640,000.00 previously paid. Verizon informed Midco that it would begin recouping these alleged overpaid amounts by withholding payment on another amount which it lawfully owed as a result of litigation commenced by Verizon in North Dakota. Verizon has already improperly withheld from Midco approximately $180,000.00 owed.

14. Midco rejected Verizon's dispute, confirming that the amounts previously billed were valid and that Verizon owed the sums paid. Midco further rejected Verizon's claim that it could withhold other amounts lawfully due and owing Midco. The total amounts due and owing from Verizon to Midco as of the date of this Complaint are also subject to applicable interest, fees and penalties.

15. Verizon has failed and refused and continues to fail and refuse, to acknowledge that the amounts in issue were validly billed and paid pursuant to the parties' Switched Access Service Agreement and that any withholding of fees is wholly improper. Verizon has knowingly and unlawfully refused to pay Midco and has improperly threatened to withhold amounts lawfully owing.

### First Cause of Action
### Breach of Contract

16. Midco re-alleges paragraphs 1 through 15 above and incorporates them as if set forth fully herein.

4

17. Pursuant to their Switched Access Service Agreement, Verizon has obligated itself to pay Midco in accordance with the Switched Access Service Agreement and the rates and terms set forth in Midco's state and federal tariffs. The Switched Access Service Agreement at issue is valid and binding as are Midco's state and federal tariffs.

18. Midco has invoiced Verizon pursuant to the Switched Access Service Agreement.

19. Verizon has already withheld amounts validly billed to Verizon and which Verizon promised to pay and now seeks to prospectively withhold payment from Midco for amounts validly owed and not yet billed, thereby constituting a material breach of the Switched Access Service Agreement.

## SECOND CAUSE OF ACTION
## UNJUST ENRICHMENT

20. Midco re-alleges Paragraphs 1 through 19 above and incorporates them as if set forth fully herein.

21. Midco provided access services for Verizon through the origination and termination of long distance calls. Such services conferred a benefit upon Verizon because Verizon was able to collect fees from its customers for providing long distance service. Verizon now refuses to pay Midco for providing the contracted-for services and related validly billed amounts.

22. It would be inequitable for Verizon to retain the benefit of the services provided by Midco without properly compensating Midco for the value of the services provided.

23. Pursuant to the equitable doctrines of quantum meruit and unjust enrichment, Midco is entitled to payment from Verizon for the amount of the invoices billed to Verizon.

## THIRD CAUSE OF ACTION
## DECLARATORY JUDGMENT

24. Midco realleges Paragraphs 1 through 23 as if set forth fully below.

25. By reason of the conflict and actual controversy between Midco and Verizon and Verizon's wrongful withholding of amounts validly billed and owed pursuant to the Switched Access Service Agreement, Midco is entitled to declaratory judgment relief pursuant to SDCL § 21-24-2.

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

1. For those sums as set forth in Exhibit 1, plus applicable interest, fees and penalties, and any unpaid amounts to date of hearing.

2. For pre-judgment interest, post-judgment interest, and the costs of this action, including attorneys' fees and expenses.

3. For a declaration that Plaintiff is entitled to be paid pursuant to the parties' Switched Access Service Agreement, that Defendant has already improperly withheld from Plaintiff amounts lawfully billed to Defendant, and that Defendant may not in the future withhold amounts lawfully billed to Defendant by Plaintiff.

4. For such other and further relief as this Court deems just and equitable.

**JURY TRIAL DEMANDED**

Dated this 24th day of May, 2016.

CUTLER LAW FIRM, LLP
Attorneys at Law

_____
Meredith A. Moore
100 North Phillips Avenue, 9th Floor
PO Box 1400
Sioux Falls, SD 57104-6725
Telephone: (605) 335-4950
meredithm@cutlerfirm.com